1

2

3

4                                                              *E-Filed 6/28/10*

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12   JOHN HEMSLEY,                        No. C 09-6002 RS (PR)

13              Plaintiff,                **ORDER DISMISSING COMPLAINT**
                                          **WITH LEAVE TO AMEND**
14        v.

15   OFFICER LUNGER, et al.,

16              Defendants.

17   _____/

18                            **INTRODUCTION**

19        This is a civil rights action filed by a *pro se* state prisoner pursuant to 42 U.S.C.

20   § 1983.  The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

21                            **DISCUSSION**

22   **A.    Standard of Review**

23        A federal court must conduct a preliminary screening in any case in which a prisoner

24   seeks redress from a governmental entity or officer or employee of a governmental entity.

25   *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and

26   dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

27   be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.*

28

§ 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting Twombly, 550 U.S. at 556).   Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that (1) Officer Lunger of the Hayward Police Department used excessive force and violence to stop plaintiff's vehicle on May 25 of an unspecified year; (2) an unidentified person used excessive force after stopping plaintiff's vehicle on May 30 of an unspecified year; (3) the Saint Rose Hospital violated his privacy rights when it treated plaintiff for his injuries; and (4) the Santa Rita Jail was deliberately indifferent to his medical needs.

Plaintiff's complaint does not contain sufficient factual matter to state a claim to relief that is plausible on its face.  As to claim one, plaintiff fails to specify the first name of Officer Lunger, and does not specify the year and location of the alleged events.  As to claim two, plaintiff fails to name a defendant or specify the year and location of the alleged events. As to claim three, plaintiff has not shown that Saint Rose Hospital is a state actor subject to

No. C 09-6002 RS (PR)
ORDER DISMISSING COMPLAINT

liability under § 1983. As to claim four, plaintiff fails to name any defendants and how specific defendants allegedly violated his rights.

Accordingly, the complaint is DISMISSED with leave to amend. Plaintiff shall file an amended complaint correcting the deficiencies described in this order within 30 days from the date this order is filed. Failure to file an amended complaint by such time will result in dismissal of the action without further notice to plaintiff.

The first amended complaint must include the caption and civil case number used in this order (09-6002 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: June 28, 2010

RICHARD SEEBORG
United States District Judge

No. C 09-6002 RS (PR)
ORDER DISMISSING COMPLAINT

3