IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN A. HEMSLEY, | ) | No. C 09-6002 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | ) ) | |
| OFFICER LUNGER, et al., | ) ) | |
| Defendants. | ) ) | |

  Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On June 28, 2010, the Court dismissed Plaintiff's complaint with leave to amend. On September 29, 2010, Plaintiff filed his first amended complaint. For the reasons stated below, the Court dismisses the amended complaint with leave to amend.

**DISCUSSION**

A. Standard of Review

  A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

*Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

It appears that Plaintiff is attempting to challenge several different incidents in his amended complaint. First, he states that on May 25, 2008, Defendant Officer Lunger tried to stop Plaintiff when they were both in their respective cars. Plaintiff alleges that Lunger rammed into Plaintiff's car, and fired his weapon nine times into the car, causing permanent injury to Plaintiff. Then, he asserts that on May 30, 2008, he was arrested by the Hayward Police Department who slammed him to the ground, punched him in the face repeatedly, and kneed him so hard that safety glass became embedded in his back. Plaintiff alleges that the police department let him suffer without his medication for two days while he was in a holding cell. In addition, Plaintiff alleges that Saint Rose Hospital violated his privacy rights and performed unnecessary procedure on him. Finally, Plaintiff states that the Santa Rita Jail purposefully allowed Plaintiff to suffer without giving him the additional blood that he needed.

The amended complaint has several deficiencies that require a second amended complaint to be filed. First, the amended complaint has several claims that are not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Rule 20(a) provides that all persons "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Plaintiff's claims range from excessive force allegations to deliberate indifference. The amended complaint indicates the events happened on several different dates (but does not specify all the dates), and are against different defendants. In his second amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or

1  occurrences and (b) present questions of law or fact common to all defendants named therein.
2  The bottom line is that Plaintiff needs to choose what claims he wants to pursue that meet the
3  joinder requirements; if he asserts improperly joined claims in his second amended complaint,
4  they will be dismissed.
5     Second, the amended complaint does not comply with the requirement that the averments
6  be "simple, concise, and direct." Federal Rule of Civil Procedure 8(a) requires that the
7  complaint set forth "a short and plain statement of the claim showing that the pleader is entitled
8  to relief." Portions of Plaintiff's amended complaint are too conclusory and fail to proffer
9  specific facts sufficient to demonstrate that Plaintiff is entitled to relief. A complaint that fails to
10 state the specific acts of the Defendant which violated the Plaintiff's rights fails to meet the
11 notice requirements of Rule 8(a). *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir.
12 1982). He must allege facts that show constitutional violations. The second amended complaint
13 should describe what happened, when it happened and how it violated his constitutional rights.
14 Although the second amended complaint need not provide every specific detail of the incident,
15 the allegations need to be more detailed than that proffered in the amended complaint. As the
16 amended complaint currently reads, the Court cannot determine whether Plaintiff has a
17 cognizable claim for any constitutional violation.
18    Third, Plaintiff must link each Defendant to the claims he wishes to raise by alleging
19 facts showing the basis for liability for each individual Defendant. He should not refer to them
20 as a group (e.g., "they" or "the medical staff"); rather, he should identify each involved person
21 by name and link each of them to the claim(s) by explaining what each Defendant did or failed to
22 do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634
23 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff
24 can show that defendant proximately caused deprivation of federally protected right).

## CONCLUSION

26    For the foregoing reasons, the court hereby orders as follows:
27    1.   The Court DISMISSES the amended complaint with leave to amend.
28    2.   Plaintiff shall file a SECOND AMENDED COMPLAINT within **thirty days**

1  from the date this order is filed to cure the deficiencies described above if he can do so in good
2  faith.  The second amended complaint must include the caption and civil case number used in
3  this order (C 09-6002 LHK (PR)) and the words SECOND AMENDED COMPLAINT on the
4  first page.  Plaintiff may not incorporate material from the prior complaint by reference.  **Failure**
5  **to file a second amended complaint within thirty days and in accordance with this order**
6  **will result in dismissal of this action.**

7     3.   Plaintiff is advised that an amended complaint supersedes the original complaint.
8  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
9  in the amended complaint."  *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).
10 Defendants not named in an amended complaint are no longer defendants.  *See Ferdik v.*
11 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

12    4.   It is the Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
13 Court informed of any change of address by filing a separate paper with the clerk headed "Notice
14 of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to
15 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
16 of Civil Procedure 41(b).

17    IT IS SO ORDERED.
18 DATED:  11/24/2010                           _____
                                                LUCY H. KOH
19                                              United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.LHK\CR.09\Hemsley002dwla2.wpd        4