IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN A. HEMSLEY, | ) | No. C 09-6002 LHK (PR) |
| Plaintiff, | ) | ORDER OF PARTIAL |
| | ) | DISMISSAL; ORDER OF |
| v. | ) | SERVICE; DIRECTING |
| | ) | DEFENDANT TO FILE |
| OFFICER LUNGER, et al., | ) | DISPOSITIVE MOTION OR |
| | ) | NOTICE REGARDING SUCH |
| Defendants. | ) | MOTION |
| | ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42

U.S.C. § 1983.  In his original complaint, Plaintiff alleged that on May 25, Officer Lunger

rammed to Plaintiff's car in an attempt to stop him, jumped out, and fired a gun nine times into

Plaintiff's car, which resulted in permanent injury to Plaintiff.  Plaintiff also claimed that on May

30, unknown Defendant(s) stopped him on Interstate 880, pointed guns at him, slammed him to

the ground, and assaulted him, which resulted in safety glass being embedded in his back.

Plaintiff also alleged that the Saint Rose Hospital violated his privacy rights and was forced by

the Hayward Police Department to treat his gunshot wound through unnecessary procedures.

Finally, Plaintiff claimed that the Santa Rita Jail knew he needed more blood for his anemia, but

willingly chose to allow him to suffer a minor stroke.

On June 28, 2010, the Court dismissed the complaint with leave to amend, warning

Plaintiff that his complaint did not contain sufficient facts to state a claim for relief that was

plausible on its face.  Among other things, the Court noted that Plaintiff did not allege that Saint

1 Rose Hospital was a state actor, nor did he state where the alleged events in Claims 1 and 2 took

2 place.  On September 29, 2010, Plaintiff filed his first amended complaint.  In the amended

3 complaint, Plaintiff clarified that Officer Lunger shot at him on May 25, 2008.  On May 30,

4 2008, Plaintiff was arrested by the Hayward Police Tactical Unit who stopped him on the

5 interstate.  Plaintiff repeated the claims originally alleged against Saint Rose Hospital and the

6 Santa Rita Jail.

7      On November 24, 2010, the Court dismissed the first amended complaint with leave to

8 amend, informing Plaintiff that his first amended complaint improperly joined several claims

9 under Federal Rule of Civil Procedure 20(a) because he named different defendants, and alleged

10 claims ranging from excessive force to deliberate indifference.  The Court also warned Plaintiff

11 for a second time that his claims needed to be simple, concise, and direct without being

12 conclusory.  The Court dismissed the first amended complaint with leave to amend, directing

13 Plaintiff to allege only claims that arose out of the same transaction or occurrence, and that

14 presented questions of law or fact common to all named defendants.  The Court also advised

15 Plaintiff to allege facts that demonstrated constitutional violations.

16      On January 26, 2011, Plaintiff filed a second amended complaint.

## DISCUSSION

18 A.    Standard of Review

19      A federal court must conduct a preliminary screening in any case in which a prisoner

20 seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

21 28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss

22 any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

23 seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

24 § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

25 *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

26      To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1)

27 that a right secured by the Constitution or laws of the United States was violated, and (2) that the

28

1   alleged violation was committed by a person acting under the color of state law.  *See West v.*

2   *Atkins*, 487 U.S. 42, 48 (1988).

3   B.   Plaintiff's Claims

4         In his second amended complaint, Plaintiff raises three claims.  These three claims

5   virtually mirror the first three claims in both his original and first amended complaints.  First,

6   Plaintiff claims that on May 25, 2008, Officer Lunger tried to stop him during what appeared to

7   be an automobile pursuit, by firing nine bullets at Plaintiff.  Second, he claims that on May 30,

8   2008, the Hayward Police Department displayed excessive force when pursuing and then

9   arresting Plaintiff on Interstate 880.  Third, he alleges that on May 30, 2008, the Saint Rose

10  Hospital was forced by the police to perform unnecessary medical procedures on him.

11        The second amended complaint contains the same joinder problem as Plaintiff's previous

12  complaints.  Federal Rule of Civil Procedure 20(a)(2) provides that all persons may be joined in

13  one action as defendants if "any right to relief is asserted against them jointly, severally, or in the

14  alternative with respect to or arising out of the same transaction, occurrence, or series of

15  transactions or occurrences" and "any question of law or fact common to all defendants will

16  arise in the action."  Plaintiff's claims do not satisfy Rule 20(a)(2).  The Court has already given

17  Plaintiff two opportunities to amend his complaint to cure deficiencies, and he has failed to

18  comply.

19        Dismissal of the entire action is not necessary, however, as the improper joinder problem

20  can be solved by merely dismissing the improperly joined parties.  *See* Fed. R. Civ. P. 21.

21  Accordingly, the Court will dismiss the claims against the Hayward Police Department and the

22  Saint Rose Hospital.[1]  The dismissal will be without prejudice to Plaintiff asserting these claims

23  in a new action for which he pays a separate filing fee.

24  _____

25        [1] Indeed, the second amended complaint contains no cognizable allegations against the
    Hayward Police Department or Saint Rose Hospital.  Neither entity has liability based on the

26  mere fact that they employ the alleged wrongdoers because there is no respondeat superior
    liability in a § 1983 action.  In addition, Plaintiff does not identify members of the Hayward

27  Police Department's "undercover task force."  Finally, there is no indication that Saint Rose
    Hospital is a state actor.

28

Order of Partial Dismissal; Order of Service; Directing Defendant to File Dispositive Motion or Notice Regarding
Such Motion

1    In the claim against Officer Lunger, Plaintiff claims that Lunger's actions constituted

2    excessive force, in violation of his Eighth Amendment rights.  However, it appears that at the

3    time of the incident, Plaintiff was an arrestee rather than a prisoner.  Thus, his claim is more

4    appropriately classified as one in violation of his Fourth Amendment rights.  *See Pierce v.*

5    *Multnomah County, Oregon*, 76 F.3d 1032, 1043 (9th Cir. 1996).  The reasonableness test

6    established in *Graham v. Connor*, 490 U.S. 386, 387 (1989), for cases involving police use of

7    excessive force in making stops or arrests, applies to the manner in which the police conduct any

8    search or seizure, including limited detentions.  *See Franklin v. Foxworth*, 31 F.3d 873, 876 (9th

9    Cir. 1994).  In order to determine the reasonableness of a search or seizure, *Graham* requires

10   careful attention to the facts and circumstances of each case, including the severity of the crime

11   at issue and, where applicable, whether the suspect poses an immediate threat to the safety of the

12   officers or others and whether he is actively resisting arrest or attempting to evade arrest by

13   flight.  *See Graham*, 490 U.S. at 396.  These factors are not exclusive, however, and the totality

14   of the particular circumstances of each case must be considered.  *See Forrester v. City of San*

15   *Diego*, 25 F.3d 804, 806 (9th Cir. 1994).

16   Although Plaintiff's claim against Officer Lunger is scant on specifics and details,

17   "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what

18   the . . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93

19   (2007) (citations and internal quotation marks omitted).  Moreover, his claim appears to be

20   enough to raise a right to relief above speculation.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S.

21   544, 553-56, (2007); *see also Starr v. Baca*, 2011 WL 477094, *10 (9th Cir. 2011) (discussing

22   the notice-pleading theory of Rule 8(a), and stating, "The theory of the federal rules is that once

23   notice-giving pleadings have been served, the parties are to conduct discovery in order to learn

24   more about the underlying facts.").  Therefore, liberally construed, Plaintiff has stated a

25   cognizable claim for relief under the Fourth Amendment.

26   **CONCLUSION**

27   1.    Plaintiff's claims against the Hayward Police Department and the Saint Rose

Hospital are DISMISSED without prejudice.

2.     The Clerk shall issue a summons, and the United States Marshal shall serve, without prepayment of fees, copies of the second amended complaint in this matter (docket no. 20), all attachments thereto, and copies of this order on **Police Officer Lunger** at the **Hayward Police Department** in **Hayward, CA**.  The Clerk shall also serve a copy of this order on Plaintiff and mail a courtesy copy of the second amended complaint to the California Attorney General's Office.

3.     No later than **ninety (90) days** from the date of this order, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the second amended complaint.

a.     If Defendant elects to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

b.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **<u>Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.</u>**

4.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed.

a.     In the event Defendant files an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[2]

The defendants have made a motion to dismiss pursuant to Rule 12(b) of

---

[2] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted, and the case dismissed.

      b.    In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

      5.    Defendant <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

6.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

7.      All communications by the Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (for example, questions asking for specific, factual responses) directly to Defendant's counsel.  *See* Fed. R. Civ. P. 33-34.  The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ."  *See* Fed. R. Civ. P. 26(b)(1).  Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).  In order to comply with the requirements of Rule 26, before deciding to promulgate discovery Plaintiff may find it to his benefit to wait until Defendant has filed a dispositive motion which could include some or all of the discovery Plaintiff might seek.  In addition, no motion to compel will be considered by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local Rule 37-1 has been satisfied.  Because Plaintiff is detained, he is not required to meet and confer with Defendant in person.  Rather, if his discovery requests are denied, and he intends to seek a motion to compel, he must send a letter to Defendant to that effect, offering him one last opportunity to provide him with the sought-after information.

9.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

1  pursuant to Federal Rule of Civil Procedure 41(b).

2         IT IS SO ORDERED.

3  DATED:  __4/13/11____

_____
LUCY H. KOH
United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28