IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. HEMSLEY, | No. C 09-6002 LHK (PR) |
| Plaintiff, | ORDER DENYING MOTION TO REQUEST SUBPOENA |
| v. | |
| OFFICER LUNGER, | (Docket No. 41) |
| Defendant. | |

Plaintiff, a state prisoner proceeding *pro se*, filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983. Defendant has filed a motion for summary judgment. Although given an opportunity, Plaintiff has not filed an opposition.

Pending before the Court is Plaintiff's motion to request a subpoena. In the motion, Plaintiff requests the production of several items that appear to be related to his underlying federal claim. As an initial matter, however, it is unclear to whom the subpoena is directed. The Court presumes that Plaintiff means for the Defendant to produce these items. If so, Plaintiff need not request subpoenas, but may send his discovery requests to directly to Defendant's counsel. *See* Fed. R. Civ. P. 33-34.

To the extent that Plaintiff intended to file a motion to compel, in general, a motion to compel will be considered only after the party satisfies the "meet and confer" requirements of the discovery rules. *See* Fed. R. Civ. P. 37(a)(2)(A) (providing that a motion to compel must include certification that movant has in good faith conferred and attempted to confer with non-disclosing party in effort to secure disclosure without court action); N.D. Cal. Civ. R. 37-1 (same). In the

1 Court's April 13, 2011 order of service, the Court informed Plaintiff that, because he is detained,
2 he is not required to meet and confer with Defendant in person.  Rather, if his discovery requests
3 are denied, and he intends to seek a motion to compel, he must send a letter to Defendant to that
4 effect, offering him one last opportunity to provide him with the sought-after information.
5 Plaintiff has not demonstrated that he has complied with these steps.  Accordingly, Plaintiff's
6 motion is DENIED.

7 Plaintiff is reminded that he must keep the Court and all parties informed of any change
8 of address and must comply with the Court's orders in a timely fashion.  Failure to do so may
9 result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil
10 Procedure 41(b).

11 IT IS SO ORDERED.

12 DATED:    9/19/11

_____
LUCY H. KOH
United States District Judge